FILED
MAR 27 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 8266

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No.: |
| Plaintiff, | COMPLAINT FOR VIOLATION OF: |
| v. | Title 8, U.S.C., Section 1324(a)(1)(A)(ii) Illegal Transportation of Aliens |
| Monique Angel ROMERO (1) | Title 8 U.S.C., Section 1327 |
| Sara Jean WILLIS (2) | Aiding or ~~Assisting~~ Certain Aliens to Enter |
| Defendants. | |

The undersigned complainant, being duly sworn, states:

COUNT I

On or about March 25, 2008, within the Southern District of California, defendants Monique Angel ROMERO and Sara Jean WILLIS, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, Eduardo RODRIGUEZ-Villa, Jose RODRIGUEZ-Perez, and Agustin VASQUEZ-Martinez had come to, entered and remained in the United States in violation of law, did transport and move said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

///

///

///

///

///

SCF

## COUNT II

~~On or about March 25, 2008, within the Southern District of California, defendants Monique Angel ROMERO and Sara Jean WILLIS, knowingly aided and assisted an alien inadmissible under Section 1182(a)(2) or 1182(a)(3), an aggravated felon, Agustin VASQUEZ-Martinez, to enter the United States, in violation of Title 8 U.S.C., Section 1327 Aiding or Assisting Certain Aliens to Enter.~~

And the complainant states that this complaint is based on the attached Statement of Facts, which is incorporated herein by reference. *Count 1 only - PCL*

_____
Senior Border Patrol Agent

SWORN TO BEFORE AND SUBSCRIBED IN MY PRESENCE THIS 27th DAY OF MARCH 2008.

_____
Peter C. Lewis
United States Magistrate Judge

UNITED STATES OF AMERICA
          v.
Monique Angel ROMERO (1)
Sara Jean WILLIS (2)

## STATEMENT OF FACTS

The complainant states that this complaint is based upon statements in the investigative reports by the apprehending agents, Border Patrol Agents J. Gonzalez, Agent R. Alfaro and Agent K. Sheppard that on March 25, 2008, the defendants Monique Angel ROMERO and Sara Jean WILLIS, both United States citizens were apprehended near Calexico, California, as the driver and passenger of a white 1999 Dodge Ram bearing Arizona license plates, 032ZXG, as they smuggled 3 undocumented aliens from Mexico in violation of 8 U.S.C. Section 1324.

On March 25, 2008, at approximately 1809 hours a white Dodge Ram approached the Interstate 8 United States Border Patrol checkpoint. BPA Sheppard identified herself as a United States Border Patrol Agent and conducted immigration interviews on the driver and passenger later identified as, Monique Angel ROMERO (Driver) and Sara Jean WILLIS (Passenger). While conducting the interviews, Agent Sheppard noticed a blanket in the rear passenger area of the vehicle. The blanket appeared to be placed over a large object. Agent Sheppard noticed the blanket appeared to be moving and saw the top of a person's head that was not fully covered. Agent Sheppard referred the vehicle to secondary inspection to further investigate.

The vehicle proceeded to secondary inspection. Agents R. Alfaro and F. Gonzales approached the vehicle and identified themselves as United States Border Patrol Agents. Agents Alfaro and Gonzales conducted immigration interviews on both ROMERO and WILLIS and determined that both ROMERO and WILLIS were United States citizens.

Agent Alfaro asked ROMERO for permission to search the vehicle. ROMERO gave Agent Alfaro consent to search the vehicle. Agent Alfaro looked inside the vehicle and saw a blanket that appeared to be draped over something in the rear passenger area. Alfaro also noticed that the blanket appeared to be moving and saw the top of a person's head, shoulder, and foot visible from the edges of the blanket. Alfaro pulled the blanket off and noticed three subjects attempting to conceal themselves beneath the blanket. The subjects were lying on the floor of the

vehicle none had a seat to sit on or seatbelt. Agent Alfaro identified himself as a United States Border Patrol Agent to the three subjects. The three subjects were interviewed and it was determined they were illegally present in the United States. ROMERO, WILLIS and the three subjects were placed under arrest and transported to the Calexico Station for further processing.

At approximately 9:42 P.M. Agent Templin advised ROMERO of her Miranda rights. ROMERO stated that her friend Sara Jean WILLIS picked her up at her mother's house and took her to Yuma, Arizona to visit a friend named Nancy. ROMERO said she was not sure where her friend lived, but somehow ended on 32nd street where they picked up three guys she didn't know. ROMERO said she was aware she was picking up three illegal aliens before arriving at 32nd street. ROMERO also said that WILLIS was driving at the time of picking up the three illegal aliens. ROMERO said they hid the illegal aliens by throwing stuff on top of them. ROMERO said she covered the illegal aliens to hide them from Border Patrol. ROMERO said she had smuggled illegal aliens before and she was aware that it was against the law. ROMERO also said that WILLIS got a call to go pick up illegal aliens in a house on 32nd street in Yuma, Arizona. ROMERO said she was driving the vehicle when they were arrested and that she was aware that there were illegal aliens in the back of the truck.

At approximately 9:56 P.M. Agent Sheppard advised WILLIS of her Miranda rights. WILLIS stated she left her house and headed to Yuma, Arizona with a friend of hers. WILLIS stated that she picked up three illegal aliens from her friend Terry's house on 16th street in Yuma, Arizona. WILLIS said her friend Terry asked her to take the three illegal aliens to El Centro, California. WILLIS also said that her friend Terry told her to take the subjects to Carl's Jr. on 4th street in El Centro, California where Terry's father was going to pick them up.

Material Witness Agustin VASQUEZ-Martinez is a previously deported aggravated felon. VASQUEZ was deported on September 1, 2004. On, September 6, 2007, VASQUEZ was convicted of assault with a deadly weapon, not a firearm, in Santa Ana, California, an aggravated felony. VASQUEZ said that he was picked up and driven by defendant ROMERO. While inside the truck driven by defendants, he was covered with a blanket. VASQUEZ also stated that the other two subjects were also picked up and hidden in the truck. VASQUEZ said that the

1  driver told them not to move. VASQUEZ was shown a six pack photo lineup and positively
2  identified ROMERO as the driver of the vehicle.
3      Material Witness Eduardo RODRIGUEZ-Villa stated he entered the United States
4  illegally on March 4 or 5 of 2008. RODRIGUEZ-Villa said he was living and working in Yuma,
5  Arizona. RODRIGUEZ-Villa said he intended to go to Salinas, California. RODRIGUEZ-Villa
6  said he was going to pay $1,300 dollars to be smuggled to Salinas, California.
7      Material Witness Jose Antonio RODRIGUEZ-Perez stated that he crossed two weeks ago
8  through Calexico, California and was living in Yuma, Arizona. RODRIGUEZ-Perez said that an
9  unknown female picked them up and took them to her house. RODRIGUEZ-Perez stated that
10 two other females showed up in a truck and picked them up. RODRIGUEZ-Perez said that he
11 intended to go to Los Angeles, California and work with his brother. RODRIGUEZ-Perez said
12 that both females, the driver and passenger, told them to get in the truck. RODRIGUEZ-Perez
13 said the two females that got arrested by Border Patrol were the same ones that picked them up.
14 RODRIGUEZ-Perez was shown a six pack photo line up and positively identified ROMERO as
15 the driver and WILLIS as the passenger of the vehicle.
16     The complainant states that the names of the Material Witnesses are as follows:

| NAME | PLACE OF BIRTH |
|---|---|
| Eduardo RODRIGUEZ-Villa | Mexico |
| Jose Antonio RODRIGUEZ-Perez | Mexico |
| Agustin VASQUEZ-Martinez | Mexico |

21     Further, complainant states that Eduardo RODRIGUEZ-Villa, Jose Antonio
22 RODRIGUEZ-Perez, and Agustin VASQUEZ-Martinez are citizens of a country other than the
23 United States; that said aliens have admitted that they are deportable; that their testimony is
24 material, that it is impracticable to secure their attendance at the trial by subpoena; and they are
25 material witnesses in relation to this criminal charge and should be held or admitted to bail
26 pursuant to Title 18, United States Code, Section 3144.